

$400

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALDI INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. |
| v. | : | |
| | : | (Related to 2:01-cv-2340-CG) |
| ALDIS FURNITURE INC | : | |
| (d/b/a ALDI'S FURNITURE, | : | |
| ALDI FURNITURE, and ALDI'S | : | 15    02696 |
| FURNITURE AND BEDDING LLC), | : | |
| | : | |
| and | : | |
| | : | |
| KADRIJA DAUTOVIC | : | |
| (a/k/a KABRIJA DAVTOVIC and | : | |
| KABRIJA DAUTOVIC) | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff ALDI Inc. ("ALDI"), by and through its undersigned counsel, Duane Morris

LLP, hereby files this Complaint against Defendants Aldis Furniture Inc (d/b/a Aldi's Furniture,

Aldi Furniture, and Aldi's Furniture and Bedding LLC) and Kadrija Dautovic (a/k/a Kabrija

Davtovic and Kabrija Dautovic) for civil contempt of the Final Judgment by Consent entered by

this Court on May 3, 2002. In support thereof, ALDI hereby avers as follows:

## INTRODUCTION

1.       This action is for civil contempt and arises from a prior trademark litigation in this

Court between ALDI and one of Defendant Dautovic's furniture companies, Aldi Furniture &

Bedding, Inc. ("Aldi Furniture & Bedding"). That action, captioned *ALDI Inc. v. Aldi Furniture*

*& Bedding, Inc.*, Civ. No. 2:01-cv-02340-CG, was resolved through a consent decree — the

Final Judgment by Consent — entered by this Court on May 3, 2002. A true and correct copy of

the Final Judgment by Consent is attached hereto as Exhibit A. As set forth further below, Defendants are committing ongoing violations of the consent decree, necessitating this action to compel Defendants' compliance with the terms of the order.

2.     ALDI owns the trademark "ALDI" in connection with grocery store services and holds several federal trademark registrations covering the "ALDI" mark and various fanciful representations of it. Defendant Dautovic operated a business using the confusingly similar name "Aldi Furniture & Bedding, Inc." Because of the confusing similarity between ALDI's trademark and the "Aldi Furniture & Bedding" name, ALDI brought a trademark-infringement suit in this Court against Aldi Furniture & Bedding.

3.     To resolve the litigation, Defendant Dautovic in April 2002, as president of Aldi Furniture & Bedding, signed the Final Judgment by Consent. The Court entered this consent decree with approval on May 3, 2002.

4.     As part of the consent decree, Defendant Dautovic and Aldi Furniture & Bedding agreed, among other things, to stop and permanently cease using any name that incorporates an "ALDI" trademark (or similar variant thereof), including "Aldi Furniture" and "Aldi Furniture & Bedding." See Exhibit A hereto, Final Judgment by Consent at ¶¶ 7.a. & 8. Four months later, in September 2002, Defendant Dautovic filed an affidavit with the Court attesting to his and Aldi Furniture & Bedding's compliance with the terms of the consent decree.

5.     Recently, however, ALDI discovered that Defendant Dautovic has resumed operating a business that uses, variously, the names "Aldis Furniture Inc," "Aldi's Furniture," "Aldi Furniture," and "Aldi's Furniture and Bedding LLC." On information and belief, this usage began in or around March 15, 2013, when Defendant Dautovic changed the name of another of his corporations, in records maintained by the Pennsylvania Secretary of State, to

"Aldis Furniture Inc" — the entity named as a defendant herein.  Currently, that business operates out of a retail location in the Philadelphia Mills shopping center in northeast Philadelphia, prominently displaying the name "Aldi's Furniture" in large illuminated block letters above its doors, as illustrated in the recent photograph below:[1]



6.      Defendants' conduct, presented in further detail below, constitutes a direct, willful, and intentional violation of the Final Judgment by Consent.  As a result, ALDI brings this civil contempt action seeking to have this Court enforce the consent decree, compel Defendants' compliance with its terms, and award ALDI appropriate monetary relief for the

---

[1] As set forth in paragraph 26, a true and correct copy of this photograph is attached hereto as Exhibit F.

costs it has had to incur in investigating Defendants' violations and seeking Defendants' compliance.

## PARTIES

7.     Plaintiff ALDI Inc. is an Illinois corporation with its principal place of business at 1200 North Kirk Road, Batavia, Illinois 60510.

8.     On information and belief, Defendant Aldis Furniture Inc (d/b/a Aldi's Furniture, Aldi Furniture, and Aldi's Furniture and Bedding LLC) (collectively, "Aldis Furniture") is a Pennsylvania corporation with a registered office address of 1346 Franklin Mills Circle, Philadelphia, Pennsylvania 19154, and its principal place of business within the Philadelphia Mills shopping mall, 1455 Franklin Mills Circle, Philadelphia, Pennsylvania 19154.

9.     On information and belief, Defendant Kadrija Dautovic (a/k/a Kabrija Davtovic and Kabrija Dautovic) is the president of Defendant Aldis Furniture.  At the time of the underlying trademark litigation and execution of the Final Judgment by Consent, Dautovic was the president of Aldi Furniture & Bedding.  On information and belief, Dautovic resides at 908 Golls Garden Lane, Bensalem, Pennsylvania 19020 and maintains a usual place of business at the Aldis Furniture store within the Philadelphia Mills shopping mall, 1455 Franklin Mills Circle, Philadelphia, Pennsylvania 19154.

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over this case under its contempt power, as well as under paragraph 13 of the Final Judgment by Consent, in which the Court expressly retained jurisdiction to implement and enforce the judgment.  *See* Exhibit A hereto, Final Judgment by Consent at ¶ 13:

> The Court shall retain jurisdiction of this matter for the purpose of entering such further orders, direction or relief as may be

4

appropriate for the construction, implementation, or enforcement
of this judgment.

11.     This Court also has subject-matter jurisdiction because the civil contempt claim
arises out of an underlying trademark-infringement action, *ALDI Inc. v. Aldi Furniture &*
*Bedding, Inc.*, Civ. No. 2:01-cv-02340-CG, over which this Court had federal-question
jurisdiction under 15 U.S.C. § 1121. This Court has subject-matter jurisdiction over a civil
contempt action to enforce an order or decree entered in an earlier action because it had subject-
matter jurisdiction over the underlying claim.

12.     Additionally, this Court has subject-matter jurisdiction under the diversity statute,
28 U.S.C. § 1333(a), because this is a dispute between citizens of two different states where the
amount in controversy exceeds $75,000. Plaintiff ALDI is a citizen of Illinois because it is
incorporated and has its corporate headquarters and principal place of business in that state.
Defendants are both citizens of Pennsylvania. Defendant Aldis Furniture is incorporated under
the laws of Pennsylvania and has its principal place of business here. Defendant Dautovic, on
information and belief, resides in Pennsylvania.

13.     This Court has personal jurisdiction over Defendant Aldis Furniture because it is
incorporated under the laws of Pennsylvania and has its principal place of business here. This
Court has personal jurisdiction over Defendant Dautovic because, on information and belief, he
resides in Pennsylvania.

14.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part
of the events giving rise to ALDI's claims occurred in this District, including Defendants'
ongoing operation of a business using the name "Aldi's Furniture," among others, at the
Philadelphia Mills shopping mall, 1455 Franklin Mills Circle, Philadelphia, Pennsylvania 19154,
which is within this District.

## FACTUAL BACKGROUND

### Plaintiff ALDI and the ALDI Marks

15.     ALDI is a leader in the grocery retailing industry, operating nearly 1,400 U.S. stores in 32 states.  ALDI has been recognized as one of the top three favorite grocery store chains in the U.S. based on customer experience, according to consumer surveys conducted by Market Force Information, Inc.  ALDI was also recently named 2014 Retailer of the Year by Store Brands magazine, a periodical that reports on innovations in private-brand product development.

16.     ALDI has a substantial presence in the region, with 90 stores currently in Pennsylvania and 29 in New Jersey.  ALDI continues to add retail locations in the two states as part of an accelerated nationwide growth plan to open 650 new stores by the end of 2018.

17.     ALDI owns the trademark "ALDI" in connection with grocery supermarket and grocery store services and holds several federal trademark registrations covering the "ALDI" mark and various fanciful representations of it, including U.S. Trademark Registrations No. 1,093,441; No. 1,331,354; and No. 2,617,555 (collectively, the "ALDI Marks").  True and correct copies of public database information concerning these registrations are attached hereto as Exhibit B.  Each of these ALDI trademark registrations was the subject of the Final Judgment by Consent.[2]

### The Underlying Trademark Litigation Against Aldi Furniture & Bedding

18.     In May 2001, ALDI filed a civil action in this Court for trademark infringement against Aldi Furniture & Bedding.  That case was captioned *ALDI Inc. v. Aldi Furniture &*

---

[2]     At the time the consent decree was executed, Trademark Registration No. 2,617,555 had not yet issued and was still in the application stage.  As a result, the consent decree references this mark by its application number, U.S. Trademark Application Serial No. 76/258184.  *See* Exhibit A hereto, Final Judgment by Consent at ¶ 4.

*Bedding, Inc.*, Civ. No. 2:01-cv-02340-CG and assigned to the late Honorable Clifford Scott Green. A true and correct copy of the docket entries from that litigation are attached hereto as Exhibit C.

19.      To resolve that lawsuit, in April 2002, ALDI and Aldi Furniture & Bedding entered into a consent decree titled Final Judgment by Consent. Defendant Dautovic signed the decree as president of Aldi Furniture & Bedding, dating his signature April 4, 2002. *See* Exhibit A hereto.

20.      On May 2, 2002, this Court ordered the Final Judgment by Consent — which it called the Consent Decree — to be filed of record. *See* Exhibit A hereto. The Court entered the Consent Decree on May 3, 2002, accompanied by the docket text "CONSENT DECREE WITH COURT APPROVAL." *See* Exhibit C hereto, Docket # 11.

21.      That same day, May 3, 2002, the Court closed the underlying case. *See id.* Judge Green passed away several years later.

**The Final Judgment by Consent**

22.      In paragraph 7 of the consent decree, a permanent injunction is entered against Aldi Furniture & Bedding as well as "its shareholders, directors, officers, agents, servants, employees and attorneys, and any other persons in active concert or participation with them." *See* Exhibit A hereto, Final Judgment by Consent at ¶ 7. This injunction prohibits, among other things, the use of a name that incorporates the ALDI Marks (or a variant thereof) or of a name that is confusingly similar to the ALDI Marks such as, by way of illustration, "Aldi Furniture" and "Aldi Furniture & Bedding." Specifically, the consent decree recites as follows, *see* Exhibit A hereto at ¶ 7.a.:

> A permanent injunction is hereby entered enjoining the Defendant, its shareholders, directors, officers, agents, servants, employees

7

and attorneys, and any other persons or entities in active concert or
participation with them, from:

a)    Adopting or using as a trade name, trademark, service
      mark, domain name or e-mail address, any name, mark or
      e-mail address (including, without limitation, Aldi
      Furniture & Bedding and Aldi Furniture) which
      incorporates the ALDI Marks or any colorable variant, or
      any confusingly similar term, mark or name;

23.    In paragraph 8, Aldi Furniture & Bedding, within 45 days of the date of the

consent decree, is required to "phase out" and "permanently cease all use" of any name using the

"ALDI" designation. *See* Exhibit A hereto, Final Judgment by Consent at ¶ 8.

Approximately six months after signing the Final Judgment by Consent, Defendant Dautovic

attested to Aldi Furniture & Bedding's compliance with the consent decree. Specifically, on

September 30, 2002, Dautovic, as one of two "Officers of Aldi Furniture & Bedding," signed

and filed with the Court an affidavit swearing that "pursuant to Final Judgment by Court entered

and received on May 3, 2002, we have," among other things (1) "stopped adopting or using as a

trade name, trademark, service mark, domain name or email address, any name, mark or email

address, including, without limitation, Aldi Furniture and Bedding and Aldi Furniture which

incorporates the ALDI MARK or any colorable variant, or any confusing similar term, mark or

name"; (2) "changed our trade name, corporate name, including official change in the

Pennsylvania Secretary of state's records"; and (3) "destroyed all signage, literature, advertising

and other material incorporating the 'ALDI' designation." A true and correct copy of Dautovic's

affidavit is attached hereto as Exhibit D; *see also* Exhibit C hereto, Docket # 12 (reflecting the

September 30, 2002 filing date).

8

### Defendants Violate the Final Judgment by Consent

24.     In or around December 2014, as part of a periodic review of the status of past trademark enforcement matters, ALDI discovered that Dautovic had formed a new corporation in Pennsylvania using the "ALDI" name — Defendant Aldis Furniture.

25.     According to business entity records maintained by the Pennsylvania Secretary of State, on or around March 15, 2013, Defendant Dautovic changed the name of another of his corporations — an entity for which he is listed as president and sole officer — to "Aldis Furniture Inc." A true and correct copy of these entity records are attached hereto as <u>Exhibit E</u>.[3] The adoption of this business name constituted a direct, willful, and intentional violation of the Final Judgment by Consent.

26.     Defendants have continued to violate and disobey the terms of the Final Judgment by Consent through the ongoing use of names and designations like "Aldi's Furniture," "Aldi Furniture," and "Aldi's Furniture and Bedding LLC" in connection with the business of Defendant Aldis Furniture. For example:

    a.     As an on-site visit to the Philadelphia Mills shopping mall revealed, Defendants prominently use the name "Aldi's Furniture," displaying it in large illuminated block letters on the store's facade. A true and correct copy of a photograph from the Philadelphia Mills store location is attached hereto as <u>Exhibit F</u>.

    b.     That same on-site visit also showed that Defendants use the names "Aldi Furniture" and "Aldi's Furniture" in store directories at the mall, both at directory kiosks and in printed brochures. True and correct copies of photographs of two examples of

---

[3]     When first incorporated on or around July 25, 2011, that entity was named "L&A Furniture Inc."

these directories (one from a kiosk and one from a brochure) are attached hereto as Exhibit G.

        c.      Defendants also use the name "Aldi's Furniture" in online versions of store directories, available on the Philadelphia Mills website (http://www.simon.com/mall/philadelphia-mills), in the "store directory" and "mall map" pages on that site.[4]  A true and correct copy of the store directory page is attached hereto as Exhibit H.

        d.      Defendants used the name "Aldi's Furniture and Bedding LLC" on business cards available at the Philadelphia Mills store, emphasizing the "Aldi's" designation prominently through capitalization, font size, and font color choice.  A true and correct photograph of Defendants' business card is attached hereto as Exhibit I.

## COUNT I
### Civil Contempt

27.      ALDI incorporates the preceding paragraphs as though set forth fully herein.

28.      The Final Judgment by Consent, entered on May 3, 2002, is a valid order and/or consent decree of this Court.  The Final Judgment by Consent specifies in clear and definite terms the activities that are prohibited and subject to a permanent injunction and permanent cessation.

29.      Defendants have knowledge and are aware of the Final Judgment by Consent. For example, as reflected in Exhibit A hereto, Defendant Dautovic signed the Final Judgment by Consent on April 4, 2002.  Additionally, as reflected in Exhibit D hereto, on or around

---

[4]      The "store directory" section of the website is at http://www.simon.com/mall/philadelphia-mills/stores (last visited May 11, 2015). The "mall map" section of the website is at http://www.simon.com/mall/philadelphia-mills/map (last visited May 11, 2015).

September 30, 2002, Dautovic attested in a sworn affidavit to his and Aldi Furniture &
Bedding's compliance with the "Final Judgment by Court entered and received on May 3, 2002."

      30.     Defendant Aldis Furniture likewise has knowledge of the Final Judgment by
Consent. For example, as shown in the corporate filing records attached hereto as Exhibit E,
Defendant Dautovic is the president and sole officer of Aldis Furniture. Accordingly, his
knowledge of the Final Judgment by Consent is properly imputed to Aldis Furniture.

      31.     Additionally, on information and belief, Defendant Dautovic dominates and
controls the business of Defendant Aldis Furniture, operating it as an alter ego of himself and/or
as an alter ego or continuation of Aldi Furniture & Bedding. For example, as shown in the
business card photograph attached hereto as Exhibit I, Dautovic has held Aldis Furniture out to
the public as "Aldi's Furniture & Bedding LLC." Moreover, Dautovic is the president and sole
officer of Aldis Furniture and, at the time of the Final Judgment by Consent, was the President of
Aldi Furniture & Bedding. To avoid injustice, Defendant Aldis Furniture's corporate form
cannot be used to escape existing legal obligations imposed by the Final Judgment by Consent
on Defendant Dautovic and Aldi Furniture & Bedding. Additionally, the names "Aldis
Furniture," "Aldi's Furniture," and "Aldi Furniture" — all used in connection with Defendant
Aldis Furniture — are all virtually identical and confusingly similar to Aldi Furniture &
Bedding. These facts, among others, all indicate that Defendant Aldis Furniture is merely the
continuation or alter ego of the Aldi Furniture & Bedding (or of Defendant Dautovic), such that
the latter's knowledge of the Final Judgment by Consent is properly carried over or imputed to
the former.

32.     Defendants disobeyed the Final Judgment by Consent. As set forth above, Defendants' violations of this consent decree were willful and intentional and include at least the following activities prohibited by the terms of the Final Judgment by Consent:

      a.     Adoption and ongoing use of the name "Aldis Furniture Inc," including in the corporate filing records maintained by the Pennsylvania Secretary of State;

      b.     Ongoing use of the name "Aldi's Furniture" at the Philadelphia Mills shopping mall, including the prominent display of the name in large illuminated block letters on the storefront;

      c.     Ongoing use of the names "Aldi's Furniture" and "Aldi Furniture" in physical and online store directories associated with the Philadelphia Mills mall; and

      d.     Use of the name "Aldi's Furniture and Bedding LLC" and "ALDI" designation on business cards, prominently featuring the "Aldi's" designation through capitalization, font color, and font size.

## PRAYER FOR RELIEF

WHEREFORE, to redress Defendants' violations of the Final Judgment by Consent, ALDI prays and requests that the following relief be granted against Defendants, jointly and severally:

1.     That the Court hold the Defendants in civil contempt of the Final Judgment by Consent entered on May 3, 2002;

2.     That the Court order Defendants, their officers, agents, servants, employees, and attorneys, and all parties in active concert or participation with any of them, to immediately comply with the terms of the Final Judgment by Consent, and that the Court take such further action as it deems necessary and proper to enforce compliance with the

12

Final Judgment by Consent, including, as appropriate, the imposition of a daily fine against Defendants until such time as Defendants comply with the Final Judgment by Consent;

      3.     That the Court award ALDI monetary relief for Defendants' violations, including the attorneys' fees and expenses incurred in connection with enforcement of the Final Judgment by Consent and this civil contempt action and the costs incurred by ALDI to investigate and address Defendants' violations of the Final Judgment by Consent; and

      4.     That the Court award ALDI such other and further relief as this Court may deem just and equitable under the circumstances.

                           Respectfully submitted,

                           David J. Wolfsohn (PA # 57974)
                           djwolfsohn@duanemorris.com
                           Aleksander J. Goranin (PA # 92452)
                           agoranin@duanemorris.com
                           **Duane Morris LLP**
                           30 S. 17th St.
                           Philadelphia, PA 19103
                           Telephone: 215.979.1000
                           Facsimile: 215.979.1020

May 14, 2015                     *Attorneys for Plaintiff ALDI Inc.*

## Addresses of Defendants

Aldis Furniture Inc
(d/b/a Aldi's Furniture, Aldi Furniture, and Aldi's Furniture and Bedding LLC)
1346 Franklin Mills Circle
Philadelphia, PA 19154

Kadrija Dautovic
(a/k/a Kabrija Davtovic and Kabrija Dautovic)
908 Golls Garden Lane
Bensalem, PA 19020

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-2696

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALDI Inc.

**DEFENDANTS**
Aldis Furniture Inc (d/b/a Aldi's Furniture, Aldi Furniture, and Aldi's Furniture and Bedding LLC); Kadrija Dautovic (a/k/a Kabrija Davtovic and Kabrija Dautovic)

**(b)** County of Residence of First Listed Plaintiff   Kane County (Illinois)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David J. Wolfsohn, Esq., and Aleksander J. Goranin, Esq.
Duane Morris LLP, 30 South 17th St., Philadelphia, PA 19103
Ph: 215-979-1000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC (s) 1051 et seq.

Brief description of cause:
Violation of trademark consent decree issued in Civ. Action No. 01-cv-2340 (E.D. Pa.) on May 3, 2002

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Clifford Scott Green
DOCKET NUMBER   01-cv-2340 (E.D. Pa.)

DATE
05/14/2015

SIGNATURE OF ATTORNEY OF RECORD

MAY 14 2015

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1200 North Kirk Road, Batavia, Illinois 60510

Address of Defendant: see attached sheet

Place of Accident, Incident or Transaction: Pennsylvania, violation of trademark consent decree issued
in Eastern District of Pennsylvania on May 3, 2002.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                    Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: 01-cv-2340     Judge Clifford S. Green     Date Terminated: May 3, 2002

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Violation of trademark consent decree

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Aleksander J. Goranin , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: May 14, 2015 _____          PA Bar No. 92452
                    Attorney-at-Law                         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 14, 2015 _____          PA Bar No. 92452
                    Attorney-at-Law                         Attorney I.D.#

CIV. 609 (5/2012)

 

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ALDI Inc. | : | CIVIL ACTION |
|        Plaintiff, | : | |
|    v. | : | 15   2696 |
| Aldis Furniture Inc et al. | : | |
|        Defendants. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| May 14, 2015 | Aleksander J. Goranin | ALDI Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-979-1868 | 215-754-4683 | agoranin@duanemorris.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 14 2015

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.